UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


LEONARD C. GEORGE,

        Petitioner,

vs.                              Case No. 3:11-cv-78-J-12JRK

SECRETARY, DOC, et al.,

        Respondents.

_____

## ORDER

Petitioner initiated this action by filing a Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 25, 2011.[1]  He challenges his 1995[2] Columbia County conviction for kidnaping (Count I), aiding and abetting sexual battery with serious injury (Counts III & V), sexual battery by force to cause serious injury (Counts IV, VI, VII & VIII).

_____

[1] The Petition was filed with the Clerk on January 26, 2011; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (January 25, 2011).  See Houston v. Lack, 487 U.S. 266, 276 (1988).  The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] The judgment and sentence was entered on March 9, 1995.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA), there is a one-year period of limitations:

>    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>>        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>>        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>>        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>>        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondents' September 23, 2011, Response to Untimely Petition for Writ of Habeas Corpus (Doc. #15) (hereinafter Response). In support of their contentions, they have submitted exhibits.[3] See Exhibits to Response (Doc. #18). Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. #5). Petitioner filed a Reply to Respondents' Response (Doc. #16) (hereinafter Reply).

The record shows the following. After a jury trial, Petitioner was found guilty of kidnaping (Count I), aiding and abetting sexual battery with serious injury (Counts III & V), sexual battery by force to cause serious injury (Counts IV, VI, VII & VIII). Ex. E. He was found not guilty of robbery (Count II). Id. The judgment and sentence was entered on March 9, 1995. Ex. F. Petitioner appealed, Exs. I & J, and the conviction was affirmed on February 14, 1996. George v. State, 668 So.2d 606 (Fla. 1st DCA 1996) (Table) (per curiam); Ex. K.

On May 2, 1996, pursuant to the mailbox rule, Petitioner filed a Rule 3.850 motion. Ex. L at 1-10. The trial court denied relief. Id. at 11-12. Petitioner appealed, id. at 13, but then he

---

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

dismissed the appeal. Ex. M. The appeal was dismissed by the court on November 26, 1996. Ex. N.

On November 18, 1997, Petitioner filed a state habeas corpus petition. Ex. O. It was denied on December 9, 1997. Ex. P. Also on November 18, 1997, Petitioner filed a Rule 3.850 motion. Ex. Q at 1-10. The motion was denied in part on August 1, 2003. Id. at 12. Petitioner moved for rehearing. Id. at 18-20. The state responded to the motion. Id. at 13-17. The Court, on January 16, 2004, denied the motion for rehearing and for post conviction relief. Id. at 21-22. Petitioner appealed. Id. at 23-24. On June 29, 2004, the First District Court of Appeal affirmed per curiam. George v. State, 879 So.2d 628 (Fla. 1st DCA 2004) (Table); Ex. R. Petitioner moved for rehearing on July 6, 2004, Ex. S, and rehearing was denied on August 6, 2004. Ex. T. The mandate issued on August 24, 2004. Ex. U.

On August 3, 2006, Petitioner filed another Rule 3.850 motion. Ex. V at 1-24. It was denied on August 15, 2006. Id. at 25. Petitioner appealed. Id. at 26; Ex. W; Ex. X. On December 14, 2006, the appellate court per curiam affirmed. George v. State, 946 So.2d 17 (Fla. 1st DCA 2006) (Table); Ex. Y. Petitioner sought rehearing, Ex. Z, and rehearing was denied on January 12, 2007. Ex. AA. The mandate issued on January 30, 2007. Ex. BB. Petitioner sought discretionary review, Ex. CC, and the petition

4

was dismissed for lack of jurisdiction on February 12, 2007. George v. State, 952 So.2d 1189 (Fla. 2007) (Table); Ex. DD.

Other post conviction motions were filed, but they were filed well after the limitations period expired. See Response at 3. The federal Petition was filed on January 25, 2011.

Petitioner's conviction became final on May 14, 1996 (90 days after February 14, 1996) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). He did not file a petition for writ of certiorari. Petition at 3.

The one-year limitations period was tolled, however, because Petitioner's first Rule 3.850 motion was pending until the appeal from the denial of his post conviction motion was dismissed on November 26, 1996. The one-year limitations period began to run on November 27, 1996, and ran for 356 days until Petitioner filed another Rule 3.850 motion and a state habeas corpus petition on November 18, 1997. The limitations period was tolled until the mandate issued on the appeal of the denial of the Rule 3.850 motion, on August 24, 2004. The limitations period began to run again on August 25, 2004, and expired nine days later on Friday, September 3, 2004.

5

The Petition, filed January 25, 2011, is due to be dismissed as untimely unless Petitioner can avail himself of one of the statutory provisions which extends or tolls the limitations period. Petitioner did not file anything else in the state court system until August 3, 2006, pursuant to the mailbox rule, when he filed a Rule 3.850 Motion. That post conviction motion for relief, and the post conviction motions filed thereafter, did not toll the federal one-year limitations period because it had already expired on September 3, 2004. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the Petition was not timely filed in this Court.

Based on the foregoing, the Petition is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. The United States Supreme Court set forth a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d

1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a
remedy that must be used sparingly"); Brown v. Barrow, 512 F.3d
1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh
Circuit "has held that an inmate bears a strong burden to show
specific facts to support his claim of extraordinary circumstances
and due diligence") (citation omitted).    The burden is on
Petitioner to make a showing of extraordinary circumstances that
are both beyond his control and unavoidable with diligence, and
this high hurdle will not be easily surmounted.   Howell v. Crosby,
415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006);
Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam)
(citations omitted).    Here, Petitioner simply has not met the
burden of showing that equitable tolling is warranted.

     The Court is of the opinion that Petitioner has not shown that
he is entitled to extraordinary relief.  Based on the record before
the Court, Petitioner has failed to meet the strong burden to show
specific facts to support his claim of extraordinary circumstances
and due diligence.    Under these circumstances, Petitioner has
failed to meet his burden to show he was pursuing his rights
diligently and that some extraordinary circumstances stood in his
way and prevented timely filing of the federal Petition.

     "AEDPA's limitations period must be read to include, by
implication, an exception for cases in which a petitioner is
actually innocent."  Lucidore v. New York State Div. of Parole, 209

7

F.3d 107, 113 (2nd Cir.), cert. denied, 531 U.S. 873 (2000). To make a showing of actual innocence, Petitioner must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). In assessing the adequacy of a petitioner's showing, the Court stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. at 329; see also Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence") (citations omitted).

In his Reply, Petitioner asserts the Assistant State Attorneys were not properly re-appointed and re-sworn after the State Attorney was re-elected; therefore, as a result, the information was defective and the trial court lacked subject matter

jurisdiction over his criminal case. Of course Petitioner's argument that the information was defective should have been raised before trial or on direct appeal.[4] Response at 10. "[F]ailure to timely raise a defect in an information constitutes a waiver of the defect unless the information wholly fails to charge a crime." Haselden v. State, 386 So.2d 624 (Fla. 4th DCA 1980) (citations omitted). Here, Petitioner cannot successfully argue that the information failed to state a crime. Thus, the circuit court had jurisdiction over the felony charges and Petitioner.

To the extent Petitioner is claiming he is actually innocent, the Court finds Petitioner's allegations of actual innocence to be insufficient.[5] This is not an "extraordinary" case under the Schlup standard. House v. Bell, 547 U.S. 518, 538 (2006). Thus, Petitioner's application for a writ of habeas corpus is barred by the one-year statute of limitations.

Petitioner has not shown any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

---

[4] If there were a defect in the information, the State could have simply filed a new information to cure any defect.

[5] Indeed, after further DNA analysis was conducted as part of the Innocence Project of Florida, Petitioner was determined to be the major donor of the sperm on the victim's panties. Ex. Q at 15, 21.

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether

10

the district court was correct in its procedural ruling." Id. The Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    If Petitioner appeals, **the Court denies a certificate of appealability.**    Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.    Such termination shall serve as a denial of the motion.

2.    The case is **DISMISSED** with prejudice.

3.    The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this ____14TH___ day of ____NOVEMBER____, 2011.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

sa 10/31
c:
Leonard C. George
Ass't A.G. (Hill)